ELIAS VANARSDALE,<br>Master in Chancery.

---

JOSEPH C. WHITENACK v. JEREMIAH F. TEN EYCK et al.

Promissory notes given in satisfaction of a personal injury inflicted on the payee, though they exceed the probable amount of the injury inflicted, have a sufficient consideration to support them in law, and will not be set aside unless a compromise of the public offence was included as part of the consideration.

BILL filed March twentieth, 1833. The object of the bill is, to set aside certain promissory notes given by the complainant to Ten Eyck, one of the defendants, as being fraudulently and illegally obtained, without consideration, and against the policy of the law. The bill prayed an injunction also to restrain the said defendant from transferring the said notes, or from proceeding to recover them at law. An injunction issued pursuant to the prayer of the bill. Answers were filed by the defendants; and testimony taken by both parties. The chancellor having been concerned as counsel for one of the parties, the cause was referred to George K. Drake, esquire, one of the masters of the court, before whom the cause came on for final hearing upon the bill, answers, replication and proofs. The material facts disclosed

[Whitenack v. Ten Eyck et al.]

by the pleadings and evidence, appear in the opinion of the master.

*Field*, for complainant.

*Hartwell*, for defendants.

THE MASTER. On or about the eighth day of March, A. D. one thousand eight hundred and thirty-three, Joseph C. Whitenack, the complainant, made and delivered to Jeremiah Field Ten Eyck, one of the defendants, two promissory notes, one for the sum of two hundred dollars, payable on the first day of May then next, and one for the sum of four hundred and fifty dollars, payable on the first day of May, one thousand eight hundred and thirty-four, with interest from date. At the same time Ten Eyck signed and delivered to the complainant an instrument in the following words:—

"This is to certify that I have made a compromise with Joseph Whitenack for an injury which I received from him on the evening of Saturday last; and this is to show that I will not commence an action against him for said injury, nor require any compensation from him except the sum specified in a certain note which I hold against him; and further, I promise and agree to defend him against any suit in law commenced by any other person for the said injury which I have sustained. Witness my hand, this eighth day of March, one thousand eight hundred and thirty-three."

This paper was witnessed by William T. Davis and John Porter, the other defendants, and drawn by one James Taylor. The injury sustained by Ten Eyck was from a violent kick inflicted by Whitenack in a moment of intoxication, producing great bodily pain and some danger to life. The compromise was effected while Ten Eyck was yet confined to his bed, and before the whole consequences of the injury could be ascertained; but, from the evidence, the effects of the injury upon Ten Eyck's health and ability to labor, have not yet disappeared,

and there is considerable reason to believe that it will be lasting.

The complainant alleges, that if he inflicted the injury, it was slight; that the sickness was feigned: and that the occasion was artfully and fraudulently used by the defendants as the means of extorting money from him; and moreover, that the compromise not only embraced the personal injury to Ten Eyck, but also the public offence. And the bill prays that the said Ten Eyck may be restrained from assigning the said notes, or prosecuting any action on them; and that they may be declared to be void, as fraudulently obtained, without consideration, and against the policy of the law.

There is no material part of the complainant's case admitted by the answers. All charges of combination and fraud are distinctly denied. The injury appears from the answers and the evidence, to have been unprovoked, and very severe. The settlement for it before its extent could be ascertained, appears to have arisen from the impatience and anxiety of the complainant himself, having been brought about by his exertions for that purpose, rather than by those of the defendants. There is some reason to suspect, from the great anxiety of the complainant, from expressions that he used while effecting the compromise, from the sum paid, and other circumstances, that he supposed himself compromising and settling all his liabilities for the injury, whether public or private; and the instrument signed by him also gives countenance to this suspicion. But Ten Eyck, in his answer, says that the notes were given solely in consideration of the personal injury done to him by the complainant, and not for the settlement, compromise or prevention of a public prosecution. Porter and Davis, who witnessed the instrument, and Taylor, who drew it, all swear that they heard nothing said on the subject of a criminal prosecution.

Upon the whole case, I am of opinion that the complainant has failed to make out his allegations of combination and fraud in the obtaining of the notes; and that, being given as the settlement of a personal injury, which was considerable, although

[Whitenack v. Ten Eyck et al.]

its amount was uncertain at the time the compromise was made, and still remains so in some measure, the notes, even if they exceed the probable amount of injury, yet have a sufficient consideration to support them in law; and that the illegal consideration charged, to wit, the compromise of a public offence, is not sufficiently supported by proof to induce this court to set them aside on that ground; and that therefore the complainant is not entitled to the relief prayed by his bill.

GEORGE K. DRAKE, Master in Chancery.

Decree accordingly.